# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN LANE KREISEL,<br><br>Defendant. | No. CR06-3066-MWB<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on December 21, 2006. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Justin Lane Kreisel appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of ATF Special Agent Kerri Vlotho.

The court must determine whether any condition or combination of conditions will reasonably assure Kreisel's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Kreisel as required and the safety of the community if the court finds there is probable cause to believe Kreisel committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Kreisel has a history of anger problems, as reflected in his criminal record. He participated in an assault with a baseball bat in 2004. He was convicted of willful injury in 2005, and was sentenced to five years in prison. He posted an appeal bond, and while out on bond, he committed the offenses leading to his arrest in this action. Those offenses include his admitted possession of a sawed-off shotgun, which he sawed off himself. Further, Kreisel has failed to offer any evidence to rebut the presumption that he is a danger to the community. On these facts, the court finds nothing to indicate Kreisel would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Kreisel would be a danger to the community if released. Therefore, the court finds the following:

1. Kreisel is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Kreisel reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Kreisel to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

        (a)        Attach a copy of the release/detention order to the appeal;

        (b)        Promptly secure a transcript.

5.        There is *no automatic stay* of this Order. Therefore, Kreisel must request such relief from the court.